**Jimmy Lyn FARRELL, Plaintiff–Appellant,**

v.

**Mike ADDISON, Warden; Doctor Johnson; Jim E. Hamilton, Medical Service, Defendants–Appellees.**

**Jimmy Lyn Farrell, Plaintiff–Appellant,**

v.

**Mike Addison, Warden; Mr. Lowe, Property Officer; Mr. Higgens, Assistant Warden; Jimmy Martin, Deputy Warden, Defendants–Appellees.**

Nos. 01–7094, 01–7127.

United States Court of Appeals, Tenth Circuit.

April 17, 2002.

Before SEYMOUR, McKAY, and MURPHY, Circuit Judges.

## ORDER AND JUDGMENT *

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

The panel has before it two appeals filed by Jimmy Lyn Farrell, an inmate in the Oklahoma state prisons. Brought under 42 U.S.C. § 1983, his lawsuits allege constitutional violations stemming from conduct by various prison officials. The district court dismissed the suits, and we affirm.

## I. CASE NO. 01–7094

### A. Background

In this case, Farrell alleges that prison officials denied him necessary medical care to treat the unusually high arches in his feet. Farrell believes, in view of his condition, that prison officials are constitutionally obligated to furnish him with specially made shoes or boots. He claims further that he has repeatedly asked prison officials to provide appropriate footwear to him, but instead they have given him only plastic inserts for his shoes.[1]

The district court found that Farrell failed to exhaust his administrative remedies. Relying on 42 U.S.C. § 1997e, it consequently dismissed his suit, noting that while Farrell may have repeatedly asked prison officials to provide him the special footwear, he never filed a formal grievance objecting to their refusal to grant his requests.

### B. Discussion

In a case involving a medical dispute, Oklahoma's prison administrative rules require that a formal grievance be submitted to the "health services administrator" after informal requests for relief have failed. *See* "Inmate/Offender Grievance Process," R. Doc. 22, at Ex. 1, Rule V(A)(5). Failure to comply with this requirement constitutes failure to exhaust.

Farrell admits that he did not file a grievance with the prison's chief medical officer. But he argues that his duty was excused because any such effort would have been futile. The controlling statute, however, offers no grounds for a futility excuse, at least none in its text. It states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). There is no mention in this language of a futility exception.

Furthermore, we are constrained in our ability to question whether the statute contains an implicit excuse, for we must look to Congress's intent in enacting § 1997e. *McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) ("Of

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. The parties disagree about the status of the inserts. Farrell says they were confiscated during a search of his cell. Prison officials claim there is no record of any such confiscation in the prison's "contraband" log.

paramount importance to any exhaustion inquiry is congressional intent.") (quotation omitted). Here Congress's intent is made clear by the specific and unqualified language of the statute, which mandates exhaustion in all suits "brought with respect to prison conditions." 42 U.S.C. § 1997e(a). "Where Congress specifically mandates," the Supreme Court has said, "exhaustion is required." *McCarthy v. Madigan*, 503 U.S. at 144, 112 S.Ct. 1081. We cannot, in the face of such a clear directive, weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. *See Porter v. Nussle*, No. 00–853, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong).

Farrell also argues that he is exempt from the exhaustion requirement because he seeks money damages, a form of relief prison rules expressly deny to even successful administrative appeals. The Supreme Court has recently rejected this very argument, and so, necessarily, must we. *See Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001).

## II. CASE NO. 01–7127

### A. Background

In this case, Farrell complains that defendants have violated the Eighth and Fourteenth Amendments by withholding two legal reference books from him. Once again, the district court ruled that he failed to exhaust his administrative remedies and dismissed his suit under § 1997e. (Farrell obtained the disputed books sometime after the defendants filed their motion for summary judgment in the district court but before he filed this appeal.)

### B. Discussion

Prison rules prescribe a particular process by which inmates may receive books from outside the prison walls. The books must be ordered through a form provided by the prison mail office, and the form must be sent directly to a bookstore or publishing house. In turn, the bookstore or publisher must mail the requested book(s) to the prison. Friends or family members of the inmate may not send books to the inmate, and only books received through the established procurement system will be accepted. *See* Appellee's Br. at 2 (explaining prison's "Correspondence Guidelines").

Farrell contends that he adhered to the procedures set forth above. Defendants claim he did not. The district court did not resolve the dispute, because it dismissed Farrell's suit under § 1997e(a). Our review of the record suggests that while a bookstore in Oklahoma City mailed the reference books to Farrell, he did not order them by means of an approved prison procurement form. Instead it appears that he asked a friend to purchase the books, and the friend in turn directed the bookstore to mail the purchased items to the prison.

In any event, Farrell once again does not challenge the district court's finding that he failed to exhaust his administrative remedies. Nor does he claim futility. Rather, he criticizes the defendant prison officials for refusing to engage his constitutional challenge, accusing them of "pul[ling] the wool over the eyes of this court" by asserting a procedural defense. Aplt's Reply Br. at 2.

We conclude that the district court properly dismissed Farrell's suit under § 1997e(a). Although the district court

went beyond its exhaustion ruling and addressed the merits of Farrell's claims, we decline to do so. Our decision affirming the district court's dismissal for failure to exhaust is dispositive.

The judgments of the United States District Court for the Eastern District of Oklahoma are AFFIRMED. Farrell must continue making partial payments to the clerk of this court until the balance of his appellate filing fee is paid.